IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2009

## STATE OF TENNESSEE v. REX A. WHITE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8911     C. Creed McGinley, Judge**

**No. W2008-02558-CCA-R3-CD  - Filed September 15, 2009**

The defendant, Rex A. White, requested that the trial court accept a negotiated plea agreement, and the trial court obliged.  Armed with new counsel, the defendant now appeals his agreed to sentences, claiming the trial court erred in sentencing him.  This appeal is dismissed as the defendant waived his right to appeal his sentence when he entered a negotiated plea agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Rex A. White.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Hansel J. McCadams, District Attorney General; Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was indicted in July of 2008 on the following counts:

| Count | Offense | Date of Offense |
|---|---|---|
| 1 | Aggravated burglary | December 4, 2007 |
| 2 | Vandalism | December 14, 2007 |
| 3 | Violation of order of protection | February 16, 2008 |
| 4 | Aggravated burglary | March 10, 2008 |
| 5 | Vandalism | March 10, 2008 |
| 6 | Aggravated burglary | March 19, 2008 |

| 7 | Vandalism | March 19, 2008 |

The defendant and the State entered into a negotiated plea agreement as follows:

| Count | Offense | Sentence |
| --- | --- | --- |
| 1 | Aggravated burglary | 3 years @ 30% |
| 2 | Vandalism | 11 months, 29 days |
| 3 | Violation of order of protection | DISMISSED |
| 4 | Aggravated burglary | 3 years @ 30% |
| 5 | Vandalism | 11 months, 29 days |
| 6 | Aggravated burglary | 3 years @ 30% |
| 7 | Vandalism | 11 years, 29 days |

The plea agreement included that all sentences would run concurrently and that the defendant would serve six months in jail with the remainder of his sentence on probation.

The defendant pled guilty on October 9, 2008, as per the negotiated plea agreement. The record contains a document entitled Request for Acceptance of Plea of Guilty Petition to Waive Trial by Jury and to Waive an Appeal. It is signed by the defendant, his attorney, and the Attorney General.[1] After setting out the defendant's charged offenses, his rights, the offenses he is going to plead guilty to, and the sentences he will receive, the form provides as follows:

> I do hereby request that my plea of guilty of the charges set forth above be accepted by the Court. If this plea of guilty is accepted, I do hereby expressly waive my right to a trial by jury or by a judge sitting without a jury and submit my case to the trial judge for decision both as to my guilt and the punishment to be imposed on me. I fully understand my right to have my case reviewed by an Appellate Court, but hereby expressly and knowingly waive my right to file a motion for a new trial or otherwise appeal the decision made in my case here today.

> I certify that I am not under the influence of alcohol, narcotics, drugs or any other mind-altering substances, that I fully understand the nature of my actions here today, and that my actions are voluntary and not the result of force, threats or promises of any nature.

---

[1] It is impossible to read the signature on the line for the Attorney General. We are certain this line is for the District Attorney General or his assistants.

In his brief, the defendant avers that his sentences are excessive. Yet, we note that they reflect the minimum sentences required by law and that the defendant offers nothing in the way of proof or argument as to how they are excessive. Further, the brief states that the defendant "stood before the trial court without the benefit of a presentence report, unknowingly accepting an effective three year sentence, with six months incarceration in the Hardin County jail and the balance on Community Corrections." This statement stands in sharp contrast to the record, which shows a knowing and voluntary plea of guilty to the agreed to sentence.

This defendant, like all others, had a right to a sentencing hearing before the trial court at which time he could have called witnesses or testified on his own behalf. T.C.A. § 40-35-209. Yet the record reveals that he unmistakenly chose to negotiate with the State and enter a plea of guilty with agreed to sentences.

The defendant, through his new counsel, has failed to show or offer any explanation as to how we have jurisdiction to hear an issue that is clearly waived in the trial court.

Conclusion

This appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE